**COMP**
**COGBURN LAW OFFICES**
JAMIE S. COGBURN, ESQ.
Nevada State Bar No. 008409
Jsc@cogburnlaw.com
DAVID J. WEDEMEYER, ESQ.
Nevada State Bar No. 011318
Djw@cogburnlaw.com
9555 S. Eastern Ave., Suite 280
Las Vegas, Nevada 89123
Tel: (702) 384-3616
Fax: (702) 943-1936
 Attorneys for Plaintiff

**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

| | |
|---|---|
| AMY VETOCK, and individual,<br><br>                              Plaintiff,<br><br>vs.<br><br>NCO Financial Systems, Inc., a foreign corporation, and ROE corporations I through X,<br><br>                              Defendant(s). | Case No:<br>Dept No.:<br><br>**Exempt from Arbitration:**<br>**Equitable Relief Requested** |

## COMPLAINT

COMES NOW, Amy Vetock, by and through her counsel of record, Cogburn Law Offices, hereby complains against Defendant NCO Financial Systems, Inc., as follows:

### I. INTRODUCTION

1.  This is an action for damages brought by an individual consumer for Defendant's violations of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692, *et seq.* (hereinafter "FDCPA"), which prohibits debt collectors from engaging in abusive, deceptive, and unfair practices. Plaintiff further alleges a claim for invasion of privacy ancillary to Defendant's collection efforts.

## II. JURISDICTION

2. Jurisdiction of this Court arises under 15 U.S.C. § 1692k(d). Venue is proper in this District Court, particularly its unofficial southern district, pursuant to 28 U.S.C. § 1391(b).

## III. PARTIES

3. Plaintiff Amy Vetock, is a natural person residing in Clark County, Nevada.

4. Plaintiff is a "consumer" as defined by the FDCPA, 15 U.S.C. § 1692a(3).

5. Defendant NCO Financial Systems, Inc., is a corporation engaged in the business of collecting debts by use of the mails and telephone, and Defendant regularly attempts to collect debts alleged to be due another.

6. Defendant is a "debt collector" as defined by the FDCPA, 15 U.S.C. § 1692a(6) trying to collect a "debt" as defined by 15 U.S.C. §1692(a)(5).

## IV. FACTUAL ALLEGATIONS

7. At various and multiple times prior to the filing of the instant complaint, including within the one year preceding the filing of this complaint, Defendant contacted Plaintiff in an attempt to collect an alleged outstanding debt. Defendant's conduct violated the FDCPA in multiple ways, including but not limited to:

A. Engaging in conduct the natural consequence of which is to harass, oppress, or abuse consumer, including threatening legal action to enforce a judgment not entered against Mr. Luna. §1692(d); by continuing to send dunning letters to Ms. Vetock after receiving notice she retained our office as counsel in connection with this matter.

B. Plaintiff's counsel had not given Defendant permission to contact Plaintiff directly, communicating with Plaintiff directly after learning that Plaintiff is being represented by counsel (§1692(c)(a)(2); Your office sent a dunning letter to Ms. Vetock on October 10, 2010. We sent a letter of retention on October 28, 2010 which stated, "…we respectfully demand you not contact our client for any reason. Instead, please

**COGBURN LAW OFFICES**
9555 S. Eastern Ave., Suite 280
Las Vegas, Nevada 89123
(702) 384-3616 FAX:(702) 943-1936

direct all future contact and correspondence to this office." However, your office sent a second dunning letter on November 11, 2010 without the consent of our office.

8. Defendant's aforementioned violations of the FDCPA also constitute an invasion of Plaintiff's right to privacy, causing injury to Plaintiff's feelings, mental anguish and distress.

9. Defendant's aforementioned violations of the FDCPA also constitute an intentional intrusion into Plaintiff's private places and into private matters of Plaintiff's life, conducted in a manner highly offensive to a reasonable person. With respect to these activities of Defendant, Plaintiff had a subjective expectation of privacy that was objectively reasonable under the circumstances.

### COUNT I: VIOLATION OF FAIR DEBT COLLECTION PRACTICES ACT

10. Plaintiff reincorporates by reference all of the preceding paragraphs.

11. As a direct and proximate cause of the acts described above, Plaintiff has sustained and suffered damages.

12. The Defendant's conduct as alleged herein was willful, intentional, oppressive, fraudulent, malicious, and done in reckless disregard of the safety rights of Plaintiff, thereby warranting the imposition of punitive damages.

13. Plaintiff has been forced to retain the services of legal counsel, and Plaintiff is entitled to an award of reasonable attorneys' fees.

### COUNT II: COMMON LAW INVASION OF PRIVACY BY INTRUSION

14. Plaintiff reincorporates by reference all of the preceding paragraphs.

15. As a direct and proximate cause of the acts described above, Plaintiff has sustained and suffered damages.

16. The Defendant's conduct as alleged herein was willful, intentional, oppressive,

fraudulent, malicious, and done in reckless disregard of the safety rights of Plaintiff, thereby warranting the imposition of punitive damages.

17. Plaintiff has been forced to retain the services of legal counsel, and Plaintiff is entitled to an award of reasonable attorneys' fees.

**PRAYER FOR RELIEF**

WHEREFORE, Plaintiff respectfully prays that judgment be entered against the Defendant, on all counts, for the following:

1. Declaratory judgment that Defendant's conduct violated the FDCPA;
2. Actual damages;
3. Statutory damages;
4. Punitive damages;
5. Costs and reasonable attorney's fees; and,
6. For such other and further relief as may be just and proper.

**JURY DEMAND**

Pursuant to Fed. R. Civ. P. 38(b), 42 U.S.C. § 1981 a(c)(1), and the Seventh Amendment to the United States Constitution, Plaintiffs hereby demand a jury trial.

DATED this _____ day of February 2011.

COGBURN LAW OFFICES

By: _____
Jamie S. Cogburn, Esq.
Nevada Bar #8409
David J. Wedemeyer, Esq.
Nevada Bar #11318
9555 S. Eastern Ave., Suite 280
Las Vegas, Nevada 89123
Attorneys for Amy Vetock